IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARK A. ELLIS                                                                                          PLAINTIFF

vs.                                        Civil No. 1:10-cv-01054

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Mark A. Ellis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.     **Background:**

Plaintiff protectively filed his disability application on February 24, 2004. (Tr. 47-50, 170). In his application, Plaintiff alleged he was disabled due to an impairment and limitation in his left shoulder. (Tr. 73). Plaintiff alleged an onset date of June 17, 2003. (Tr. 48-50). This application was denied initially and again on reconsideration. (Tr. 27, 29).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 40). An administrative hearing was held on May 16, 2005 in El Dorado, Arkansas. (Tr. 141-158). On August 17, 2005, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 11-18). Plaintiff then appealed the ALJ's unfavorable decision to the United States District Court for the Western District of Arkansas (El Dorado Division), and the Honorable U.S. District Judge Jimm L. Hendren reversed and remanded Plaintiff's case for further administrative development and for a determination of whether Plaintiff was at least entitled to a closed period of disability. (Tr. 199-210).

On June 18, 2007, the SSA held a second administrative hearing in Plaintiff's case. (Tr. 226-264). At this administrative hearing, Plaintiff was present and was represented by counsel, Denver L. Thornton. *Id.* Plaintiff, Vocational Expert ("VE") Tyra Watts, and Medical Expert ("M.E.") Dr. Jay Lipke testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained a high school diploma. (Tr. 229-230).

On July 26, 2007, the ALJ entered a partially favorable decision awarding Plaintiff disability benefits from June 17, 2003 until August 1, 2004. (Tr. 170-175). In this decision, the ALJ determined Plaintiff met the disability insured status requirements of the Act at all times relevant to his decision. (Tr. 174, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from June 17, 2003 through August 1, 2004. (Tr. 174, Finding 2). The ALJ determined the following regarding Plaintiff's severe impairments:

> The medical evidence establishes that the claimant has the following severe impairment: left shoulder injury and subsequent rotator cuff repair with excision of an axillary ganglion cyst (Exhibits 2F-4F, B-1F, and B-3F through B-5F), but that he

>does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

(Tr. 174, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 174, Findings 4-6). The ALJ made these evaluations based upon two time periods: (1) from June 17, 2003 to August 1, 2004 and (2) after August 1, 2004. *Id.* The ALJ found Plaintiff's assertions concerning his ability to work for the period from June 17, 2003 until August 1, 2004 were credible. (Tr. 174, Finding 4). The ALJ also found that during this time period, Plaintiff had significant limitations in his capacity to lift, carry, balance, reach, and push and pull. (Tr. 174, Finding 5). Finally, the ALJ found that, during this time period, Plaintiff was unable to perform even sedentary work and was disabled. (Tr. 174, Finding 8; Tr. 175, Findings 12-13).

After August 1, 2004, the ALJ found Plaintiff's subjective allegations were not entirely credible, and Plaintiff retained the following RFC:

>[L]ift and/or carry no more than 20 pounds occasionally and 10 pounds frequently, no restrictions in the ability to sit, stand and/or walk, no pushing, pulling, overhead reaching or handling with the left arm/shoulder, no work around heights, moving machinery, or temperature extremes, and never climb or balance (20 CFR § 404.1545).

(Tr. 174, Finding 6).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff would be unable to perform his PRW. (Tr. 174, Finding 7). The ALJ also found, however, that a hypothetical person with Plaintiff's limitations would be able to perform other work existing in significant numbers in the national economy. (Tr. 173). Specifically, the ALJ determined such a hypothetical person could perform other work as a routing clerk (unskilled, light) with 2,500 such jobs existing

in Arkansas and 800,000 such jobs existing in the nation and as a storage rental clerk with 2,000 such jobs existing in Arkansas and 500,000 such jobs existing in the nation. *Id.* Based upon this finding, the ALJ determined that, after August 1, 2004, Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 175). Thereafter, the ALJ determined Plaintiff was not entitled to disability benefits after August 1, 2004. *Id.*

On July 30, 2007, Plaintiff requested that the Appeals Council review the ALJ's partially favorable decision. *See* 20 C.F.R. § 404.968. The Appeals Council declined to review the ALJ's disability determination. (Tr. 162). On August 2, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 1, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7, 11. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises one argument. ECF No. 7 at 5-9. Plaintiff claims the ALJ erred by disregarding the opinion of his treating orthopedist. *Id.* Specifically, Plaintiff claims his treating orthopedist, Dr. Jay Lipke, M.D., found he had severe limitations due to a left shoulder injury and was disabled beyond August 1, 2004. *Id.* In response, Defendant argues Plaintiff's medical records do not establish he was disabled beyond August 1, 2004, and Defendant argues the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. ECF No. 11.

As an initial matter, the ALJ found Plaintiff to be disabled from his alleged onset date of June 17, 2003 through August 1, 2004. (Tr. 170-175). The ALJ found Plaintiff was not disabled after August 1, 2004. *Id.* Accordingly, for purposes of this action, the relevant time period begins on August 1, 2004, and this Court will only review the medical records dated after August 1, 2004.

Upon a review of these records dated after August 1, 2004, this Court finds Plaintiff has demonstrated he experiences limitations due to a left shoulder injury but remains able to perform a wide range of light work with left shoulder restrictions. (Tr. 103-104, 140, 225). Indeed, it is important to note Dr. Lipke himself testified at the second administrative hearing in this matter, and his testimony is entirely *consistent* with the ALJ's RFC determination. (Tr. 260-261). During this hearing, he testified that Plaintiff could carry *up to 20 pounds* with both hands and only had restrictions with his left shoulder. *Id.* Dr. Lipke testified as follows:

> Q:    Okay, so if he used both his left and right hand–and, that, that's what the, the, the questionnaire was really intended to answer is his ability to lift in general –
>
> A:    Well, I–

> Q: –with, with the problems he's having?
>
> A: I tell you, with, with the two handed lifting, then these, these would be applicable, because, you know, his, his left arm is, is weak and painful, but his right arm is normal, but you know, these are always kind of a guess, when.
>
> Q: I, I understand, but your best guess based on your treatment of Mr. Ellis, using both hands, or using his dominant hand, how much can he lift?
>
> A: Well, unless–I guess, I guess I can up it one to say 11, *11 to 20 pounds,* I guess.
>
> Q: Okay, that, that's with either using his right hand or using his left hand to assist him?
>
> A: Yeah.
>
> Q: Okay, and to carry. How much would he be able to carry?
>
> A: Both hands?
>
> Q: Using–yeah, using his dominant hand and either as using his left hand as an assistive device, or not using it at all.
>
> A: Okay, well let's go ahead let's *go up to 11 and 20 pounds, then.*
>
> Q: And one, one other question, both Counsel and I had the same question on this. On his reaching, pushing, and pulling. That's on page three, item five.
>
> A: Item five, okay.
>
> Q: You have never, is that referring to his left?
>
> A: No, that's just his left, yes.
>
> Q: Okay, so his right–there's no restrictions on his right?
>
> A: No, uh-uh.

(Tr. 260-261) (emphasis added).

In the second administrative opinion in this case, the ALJ determined Plaintiff retained the ability to perform light work (up to 20 pounds) with restrictions on his left shoulder: "no pushing,

7

pulling, overhead reaching or handling with the left arm/shoulder." (Tr. 174, Finding 6). Thus, this Court finds the ALJ did properly consider the opinion of Dr. Lipke that Plaintiff could only lift up to 20 pounds with left shoulder restrictions. In fact, the ALJ adopted that opinion.

Turning to Plaintiff's medical records, this Court finds they are also consistent with the ALJ's RFC determination. Plaintiff was seen by Dr. Lipke on August 10, 2004. (Tr. 104). During that appointment, Dr. Lipke found Plaintiff complained of "stiffness, weakness, and pain." *Id.* Dr. Lipke, however, also noted that Plaintiff had "improved strength in the shoulder" and "good deltoid strength." *Id.* Dr. Lipke examined Plaintiff on September 7, 2004. (Tr. 103). During this appointment, Dr. Lipke found Plaintiff was "reaching the end of his healing period." *Id.* He also found Plaintiff could return to light work even with his impairments: "In the future I don't feel he will be able to return to work in construction but could do lighter duty desk work or possibly drive a truck." *Id.*

Dr. Lipke examined Plaintiff on May 3, 2005. (Tr. 140). During that appointment, Dr. Lipke recognized Plaintiff did have "persistent shoulder problems," and Dr. Lipke also noted that he did not "feel he [Plaintiff] will be able to run to construction work." *Id.* Instead, Dr. Lipke reiterated Plaintiff's ability to perform light activity, and he "encouraged him [Plaintiff] regarding vocational rehab for training in a less vigorous line of employment." (Tr. 140).

Thereafter, on February 20, 2007, Dr. Lipke evaluated Plaintiff's injured shoulder. (Tr. 225). Dr. Lipke found Plaintiff had a history of "pain and weakness in his shoulder," and based upon his assessment of Plaintiff's shoulder impairment, found Plaintiff "should be considered totally disabled." *Id.* Dr. Lipke made this finding regarding Plaintiff's permanent disability based upon his brief evaluation of Plaintiff and the fact Plaintiff has "persistent pain and weakness" and had been unable

"to work over the past four years." *Id.* There are no further treatment records in the transcript from Dr. Lipke.

Apart from Dr. Lipke's findings that Plaintiff was "disabled,"[2] Dr. Lipke's medical records and findings are consistent with the ALJ's RFC determination. Indeed his *own testimony* is consistent with the ALJ's RFC determination. (Tr. 260-261). Further, Plaintiff's medical records demonstrate that after August 1, 2004, his shoulder condition had improved, and he had "improved strength in the shoulder" and "good deltoid strength." (Tr. 104). Accordingly, this Court finds no basis for reversing the ALJ's disability determination that Plaintiff was not disabled after August 1, 2004.

4.   **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of September, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Dr. Lipke found Plaintiff was "disabled" during his appointments on August 10, 2004 and February 20, 2007. (Tr. 104, 225). Such a finding of "disability" is not binding on the SSA. *See House v. Astrue,* 500 F.3d 741, 745 (8th Cir. 2007) (holding "[a] treating physician's opinion that a claimant is disabled or cannot be gainfully employed gets no deference because it invades the province of the Commissioner to make the ultimate disability determination."). Thus, this Court declines to adopt Dr. Lipke's findings regarding Plaintiff's status as "disabled."